IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:17-cv-09130 |
| | ) | |
| v. | ) | Judge Coleman |
| | ) | Magistrate Judge Gilbert |
| HIRERIGHT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

1. Summary of the claims asserted in the complaint and any counterclaims or third party complaint.

   **This is an action brought for damages by Plaintiff against Defendant for alleged violations of the Fair Credit Reporting Act (hereinafter "FCRA"). Specifically, Plaintiff alleges that Defendant is a consumer reporting agency that prepares and sells consumer reports to employers to screen applicants for any criminal background. Plaintiff has alleged that he applied for a position of employment with Get Fresh Produce and that Defendant sold a consumer report to Get Fresh Produce that included inaccurate information to reflect that Plaintiff had been convicted of *inter alia*, armed robbery. Plaintiff has further alleged that he disputed the inaccurate criminal conviction history to Defendant and that Defendant failed to conduct a timely and reasonable investigation of the disputed information.**

   **Defendant denies the allegations of wrongdoing in the Complaint. Specifically, among other things, Defendant asserts that it used reasonable procedures to ensure maximum possible accuracy of the employment screening report it provided to Get Fresh Produce and that it conducted a reasonable and timely reinvestigation after Plaintiff contacted Defendant about the contents of his report.**

2. If an answer has been filed, a recap of any admissions contained in the answer and, whether or not an answer has been filed, a brief summary of any affirmative defenses raised or likely to be raised to the claims alleged.

   a) **Defendant's Answer generally included defenses addressing Plaintiff's claimed damages, including a defense that Plaintiff has failed to**

1

      **mitigate his damages.[1] Defendant admits in its Answer that:Defendant is a limited liability company, with a principal place of business in California, that is registered to do business in Illinois and provides employment screening services to various third-parties;**

    b) **Defendant provides its customers employment screening reports that sometimes contain information regarding a job applicant's criminal arrest and conviction history;**

    c) **On July 11, 2017, GFP ordered from Defendant an employment screening report regarding Plaintiff;**

    d) **On July 18, 2017, Defendant provided GFP with an employment screening report regarding Plaintiff; and**

    e) **In July 2017, Plaintiff contacted Defendant to dispute the accuracy of the information in the employment screening report HireRight provided to GFP.**

3. A brief statement of the relief sought, including an itemization of damages.

    **Plaintiff claims the following damages: (1) statutory damages under the FCRA; (2) actual/compensatory damages in the nature of lost wages; (3) harm to reputation; (4) actual/compensatory damages in the nature of emotional distress, including anxiety, frustration, embarrassment, humiliation, etc.; (5) punitive damages; and (6) attorney's fees and costs.**

    **Plaintiff calculates his damages and claims as follows:[2]**

    **There is no "computation" for damages under categories 3, 4, and 5, *supra*, other than their valuation by a jury.**

    **Statutory damagers under category 1, *supra*, can be computed between $100 and $1,000 for every willful noncompliance by each Defendant with any requirement under the FCRA at issue in this case. At a minimum, Plaintiff claims statutory damages between $100 and $1,000, but such statutory damages may be higher.**

    **Damages under category 2, *supra*, related to the economic damages stemming from Plaintiff's loss of employment will have to be established upon the acquisition of further discovery.**

    **Finally, attorney's fees and costs under category 6, *supra*, will be determined via fee petition if Plaintiff is successful in establishing liability in this matter.**

---

[1] By summarizing its general defenses, Defendant does not concede that they are affirmative defenses or that it bears the burden of proof in establishing them.

[2] Defendant does not agree that Plaintiff can establish any damages in this case and otherwise does not agree with Plaintiff's calculations or other characterizations regarding his damages.

4. A description of the matter referred to the magistrate judge for ruling or a report and recommendation as described in the referral order.

   **This matter has been referred for the purposes of discovery scheduling, discovery supervision and settlement conference.**

5. The status of any briefing on the matter(s) referred, whether the matter is fully briefed and the briefing schedule for any motion not fully briefed.

   **There are no pending matters.**

6. A description of the discovery that has been completed or that is outstanding.

   **The Parties have completed MIDP initial disclosures.. No other discovery has been served to date.**

7. Any existing discovery cut-off, pre-trial order or trial dates.

   - **Deadline to Amend Pleadings: May 3, 2018.**
   - **Fact discovery to be completed by August 31, 2018.**
   - **No pretrial order or trial date have been set yet.**

8. If the case has been referred for management of discovery, including setting a discovery schedule, and no discovery schedule has yet been set, then the parties should confer in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and jointly submit a proposed discovery schedule that contains at least the following information:

   **Current schedule set by Court:**

   - **Deadline to amend pleadings:**     **May 3, 2018.**
   - **Fact discovery to be completed:**    **August 31, 2018.**

   **Parties propose following schedule for expert testimony:**

   - **Plaintiff shall disclose expert testimony:**        **September 30, 2018.**
   - **Defendant shall disclose expert testimony:**      **October 30, 2018.**
   - **Expert discovery to be completed:**                **November 29, 2018.**

9. Whether the parties anticipate discovery of Electronically Stored Information in this case, and, if so, what agreements have been reached regarding ESI and whether there are any areas of disagreement regarding ESI.

**The parties have had initial discussions regarding the production of ESI and agreed at the prior status conference to defer initial ESI production while considering a possible early resolution of this matter.**

3

10. Whether all parties will consent to have Judge Gilbert conduct all further proceedings in this case, including trial and entry of final judgment, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. **Note:** if all parties do not consent, then please state simply that not all parties consent pursuant to 28 U.S.C. § 636(c); do not identify any particular party by name, whether that party consents or not, in a mixed-consent situation. *See* Federal Rule of Civil Procedure 73(b)(1).

    **The parties do not consent to Judge Gilbert to conduct all further proceedings.**

11. Whether the parties have discussed settlement and the status of any settlement discussions or negotiations, whether or not they are ongoing. If no settlement discussions have taken place, state why that is so, and what needs to occur before settlement discussions would be appropriate and potentially fruitful (i.e., ruling on pending motions, completion of particular discovery, focused damages discovery or analysis, etc.).

    **Plaintiff has provided Defendant with an initial settlement demand. Defendant is assessing the demand and will be seeking additional information regarding Plaintiff's claimed damages.**

**Dated: April 4, 2018**

| For Plaintiff, Brandon Adams | For Defendant, HireRight, LLC |
|---|---|
| s/ David M. Marco | s/ Stephanie L. Mills-Gallan |
| David M. Marco | Stephanie L. Mills-Gallan |
| IL Bar No. 6273315/FL Bar No. 125266 | Littler Mendelson, P.C. |
| SMITHMARCO, P.C. | 321 N. Clark Street, Suite 1000 |
| 55 W. Monroe Street, Suite 1200 | Chicago, IL 60654 |
| Chicago, IL 60603 | Telephone: (312) 372-5520 |
| Telephone: (312) 546-6539 | Facsimile: (312) 372-7880 |
| Facsimile: (888) 418-1277 | E-Mail: smillsgallan@littler.com |
| E-Mail: dmarco@smithmarco.com | |